UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARI L. COON-RETELLE,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON NEW ENGLAND INC.,<br>W. ROBERT MUDGE and<br>MATTHEW D. ELLIS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 16-11530<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                      **March 10, 2017**

### I.    Introduction

Plaintiff Shari L. Coon-Retelle ("Coon-Retelle") has filed this lawsuit against Defendants Verizon New England Inc. ("Verizon"), W. Robert Mudge ("Mudge") and Matthew D. Ellis ("Ellis") (collectively, "Defendants") alleging violations for nonpayment of wages under Mass. Gen. L. c. 149 § 148, misclassification as an independent contractor under Mass. Gen. L. c. 149, § 148B, and failure to provide overtime compensation pursuant to Mass. Gen. L. c. 151, §§ 1A, 1B.  D. 1-4 ¶¶ 62-80, 102-115, 128-134.  Verizon removed this case to this Court, D. 1, and Coon-Retelle now has moved to remand this matter to the Suffolk Superior Court.  D. 18.  Verizon has moved to dismiss Counts I and VII of Coon-Retelle's first amended complaint.  D. 23.  Mudge and Ellis have moved to dismiss Counts II, III, VIII and IX of Coon-Retelle's first amended complaint.  D. 38.  For the reasons stated below, the Court **GRANTS** Coon-Retelle's motion, D.

1

18, **REMANDS** this matter to state court and, in light of remand, does not reach the motions to dismiss, D. 23; D. 38.

## II.     Standard of Review

### A.     Motion for Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant can remove a civil action presenting a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Upon the filing of a motion to remand, the Court must assess whether it "would have had original jurisdiction of the case had it been filed in [this] court." BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 832 (1st Cir. 1997) (quoting Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702 (1972)) (internal quotation mark omitted). Generally, a plaintiff is the master of his claims and has "the prerogative to rely on state law alone although both federal and state law may provide a cause of action." Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "When a plaintiff files an action in state court and the defendant responds by invoking federal jurisdiction through removal, the defendant has the burden of establishing that removal to the district court is proper." Barbosa v. Wells Fargo Bank, N.A., No. 12-cv-12236-DJC, 2013 WL 4056180, at *3 (D. Mass. Aug. 13, 2013) (citing Danca, 185 F.3d at 4). To meet his burden of persuasion, BIW Deceived, 132 F.3d at 831, a defendant "must . . . make a 'colorable' showing that a basis for federal jurisdiction exists." Danca, 185 F.3d at 4 (quoting BIW Deceived, 132 F.3d at 832). "Generally, [d]oubts about the propriety of removing an action should be resolved in favor of remand." Miara v. First Allmerica Fin. Life Ins. Co., 379 F. Supp. 2d 20, 26 (D. Mass. 2005) (citation omitted).

**B.      Motion to Dismiss Pursuant to Rule 12(b)(6)**

The Court will grant a Rule 12(b)(6) motion to dismiss if the complaint fails to plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court is obligated to "assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)). The Court, however, must distinguish "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Morales–Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). "In determining whether a [pleading] crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).

### III.   Factual Background

The following summary is based upon the factual allegations in Coon-Retelle's first amended complaint, D. 1-4.

Coon-Retelle is an American Sign Language interpreter who worked in the Verizon Center for Customers with Disabilities ("VCCD") at which Verizon provides communication options for people who are deaf or have other physical or cognitive impairments. Id. ¶¶ 1, 19, 23. From 1990 through August 2005, Coon-Retelle worked for the VCCD as a freelance sign language interpreter. Id. ¶ 25. From August 2005 through January 2015, however, Coon-Retelle worked for the VCCD on a consistent and regular basis based upon a schedule that she created with her supervisor, Thomas Boudrow ("Boudrow"). Id. ¶¶ 21-22, 26-29.

In this capacity, Coon-Retelle worked exclusively for Verizon. Id. ¶¶ 30, 42. Boudrow directed and supervised Coon-Retelle, providing her work assignments and controlling what work she performed and which meetings required her attendance. Id. ¶¶ 36-38. In addition, Verizon required her to work the days and hours that were prescribed and agreed upon, provided her with a work space that was for her sole and exclusive use, granted her access to use the company facilities, supplies and equipment, mandated that she wear Verizon-issued attire that bore the Verizon name and logo when she attended outreach exhibits and programs, provided her with a Verizon-issued nametag and security badge and displayed an image of Coon-Retelle on its website for marketing reasons. Id. ¶¶ 41, 43-45, 48, 50. Coon-Retelle was also required to prepare and submit timesheets to Verizon as well as follow all of the company rules and policies. Id. ¶¶ 46-47.

Coon-Retelle alleges that, at all times during which she provided sign language interpretation services to Verizon, she was misclassified as an independent contractor. Id. ¶¶ 31, 54. Namely, Coon-Retelle did not have freedom of control and direction in connection with the services she performed for Verizon, did not perform her services outside of Verizon's normal course of business and she did not engage in an independently established trade or business of the same nature as the services rendered for Verizon. Id. ¶¶ 59-61. Due to this misclassification, Coon-Retelle alleges that she did not receive the benefits to which Verizon employees are entitled such as the payment of bonuses, participation in the 401K profit sharing plan, health insurance, dental insurance, prescription drug coverage, group term life insurance, short and long-term disability insurance, paid vacations and holidays and overtime compensation. Id. ¶ 55. Likewise, this misclassification caused Coon-Retelle to pay for all taxes herself including federal, state, Social Security and Medicare taxes and additional self-employment taxes. Id. ¶¶ 56-57.

**IV.     Procedural History**

On June 29, 2016, Coon-Retelle instituted this action against Verizon, Verizon Chief Executive Officer and Director Mudge and Verizon Treasurer Ellis, which Coon-Retelle later amended on July 22, 2016.  D. 1-3; D. 1-4.  Verizon then removed this action to this Court.  D. 1.  Coon-Retelle has now moved to remand this case to Suffolk Superior Court.  D. 18.  Verizon, Mudge and Ellis have moved to dismiss Counts I-III, VII-VIII and IX.  D. 23; D. 38.  The Court heard the parties on the pending motions and took these matters under advisement.  D. 42.

**V.      Subject Matter Jurisdiction**

    **A.     Coon-Retelle's Motion to Remand Based Upon Lack of Standing**

Coon-Retelle first moves to remand this action on the basis that she lacks standing to bring an ERISA-based claim and thus no federal subject matter jurisdiction exists.[1]  D. 18 at 4-7.

"Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule."  Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9–10 (1983)).  "[W]hen a federal statute wholly displaces the state-law cause of action through complete preemption," however, "the state claim can be removed" to federal court.  Id. (citing Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003)).  Causes of action that are based on ERISA federal law, even if pleaded in terms of state law, trigger preemption and provide federal subject

---

[1] Coon-Retelle also filed a motion to withdraw affidavits of service to Matthew D. Ellis, Paul L. Mattiola and Donna C. Cupelo, to which Verizon assented.  D. 21.  The Court acknowledges that Coon-Retelle voluntarily dismissed Mattiola and Cupelo from this matter, D. 40, and thus denies as moot this motion as it relates to Mattiola and Cupelo.  As to Ellis, the Court recognizes that Ellis has filed a waiver of service of summons, D. 30, and so the Court likewise denies this portion of the motion as moot.

matter jurisdiction. Id. at 207-08; Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Hamilton v. Partners Healthcare Sys., Inc., No. CV 09-11725-DPW, 2016 WL 3962813, at *11 (D. Mass. July 21, 2016). Indeed, "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Davila, 542 U.S. at 209 (quoting Metro. Life Ins. Co, 481 U.S. at 65-66).

Coon-Retelle asserts that she has no standing to bring an ERISA claim as a "participant" and thus her lawsuit cannot constitute an ERISA case. D. 18 at 5-6. 29 U.S.C. § 1132(a)(1)(B) provides that a participant or beneficiary can bring a civil action to recover benefits due, to enforce rights or to clarify rights to future benefits under the terms of the plan. Elsewhere, the Act defines "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7); see Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 320–21 (1992). To determine if a plaintiff who qualifies as an employee under this definition of "participant," the Court examines whether the plaintiff would be classified as an employee under common law. Darden, 503 U.S. at 323-24. An employer's label of independent contractor or employee does not control this analysis; instead a multi-factor test is applied to assess whether the plaintiff is a common law employee. Dykes v. DePuy, Inc., 140 F.3d 31, 37–38 (1st Cir. 1998); accord Wolf v. Coca-Cola Co., 200 F.3d 1337, 1340 (11th Cir. 2000). This test examines "the hiring party's right to control the manner and means by which the product is accomplished." Dykes, 140 F.3d at 37 (quoting Darden, 503 U.S. at 323-24). This includes analyzing:

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Darden, 503 U.S. at 323-24 (quoting Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751-52 (1989)).

Verizon classifying Coon-Retelle as an independent contractor does not—as Coon-Retelle contends, D. 18 at 6—foreclose Coon-Retelle from qualifying as a "participant" under the ERISA statute. See Cox v. Gannett Co., Inc., No. 15-cv-02075-JMS-DKL, 2016 WL 1425525, at *4 (S.D. Ind. Apr. 12, 2016); Clark v. Dale Prop. Servs., No. 11-cv-01623, 2012 WL 851608, at *1-3 (W.D. Pa. Mar. 13, 2012); Fredebaugh v. Rockwell Automation/Reliance Elec. Techs., No. 08-cv-621, 2010 WL 4365876, at *4-5 (N.D. Ohio Oct. 28, 2010). Instead, the allegations set forth in the complaint provide a colorable claim that Coon-Retelle is a common law employee and may thus bring an ERISA-based action under 29 U.S.C. § 1132(a)(1)(B). For instance, Coon-Retelle alleges that she worked exclusively at a Verizon call center and was not permitted to work off-site, she worked according to a Verizon prescribed schedule at an hourly rate, her workflow and the meetings she attended were at the control and direction of her Verizon supervisor Boudrow and she was required to complete all tasks assigned to her by Verizon. D. 1-4 ¶¶ 26-30, 34-38, 41; see Cox, 2016 WL 1425525, at *5 (concluding that plaintiff's allegations make a colorable claim that he is an ERISA participant because he alleged he has fixed work hours and the company gave him direction and maintained control over the method and manner of his work); cf. Dykes, 140 F.3d at 38 (affirming summary judgment because the plaintiff was an independent contractor as he "enjoyed broad control over his day-to-day business" by setting his own hours, deciding when and

where to make sales calls, conducting his business through his own corporate entity and receiving a commission based pay and could not bring an ERISA action). The complaint includes other indicia that militates against classifying Coon-Retelle as an independent contractor for purposes of ERISA at this stage, including the allegations that Verizon held her out to be a staff interpreter, she submitted timesheets to Verizon, she was offered a health club membership given to Verizon employees, she wore Verizon issued clothing while at work and she was provided with a designated workspace, nametag, security card and access to Verizon facilities and supplies. D. 1-4 ¶¶ 43-45, 47-48, 50-51. Moreover, Coon-Retelle's lawsuit is premised on the allegation that "[a]t all times that she worked and provided sign language interpreting services for Verizon, Coon-Retelle was misclassified as an independent contractor by Verizon" and should have received "benefits [she] was eligible and entitled to receive had she been properly classified by Verizon as its employee." Id. ¶¶ 54, 65; see id. ¶¶ 55, 106.

Toro v. CSX Intermodal Terminals, Inc., No. 12-cv-40115-TSH, 2013 WL 593947 (D. Mass. Feb. 14, 2013) does not alter this conclusion. In Toro, the plaintiff was seeking recovery of "benefits unlawfully withheld" and did not assert that he was entitled to recover benefits under the defendant's ERISA employee benefits plans. Id. at *2 (internal quotation marks and citation omitted). Dissimilarly, here, Verizon asserts that the benefits accorded within the two Verizon plans from which Coon-Retelle may successfully claim damages are ERISA-controlled employee plans. See D. 1-4; D. 18; D. 27. That is, in her complaint, Coon-Retelle alleges that "[b]ecause she was misclassified by Verizon as an independent contractor, Coon-Retelle did not receive the benefits that employees of Verizon received, including but not limited to . . . participation in Verizon's 401K profit sharing plan, health insurance, dental insurance, prescription drug coverage, worker's compensation coverage, group term life insurance, [and] short and long-term disability

insurance . . . ." D. 1-4 ¶ 55. Her complaint appears to incorporate two of Verizon's ERISA plans: The Plan for Group Insurance, D. 27-1, and The Verizon Savings Plan for Management Employees, D. 27-2. Toro is also unpersuasive here because the Toro court concluded that its plaintiff was an independent contractor and was not classified as an employee without addressing whether the plaintiff could be considered a common law employee under Darden. Toro, 2013 WL 593947, at *2. Kirkman v. Explorica, Inc., 681 F. Supp. 2d 104 (D. Mass. 2009) likewise stands on different ground from this litigation. The Kirkman court did not analyze whether the plaintiff was an employee under common law principles and thus a participant under the plan. Kirkman, 681 F. Supp. at 106.

This result also does not change because Coon-Retelle is pursuing damages based upon benefits alleged to have been improperly withheld instead of seeking the withheld employee benefits themselves. D. 18 at 6. As the First Circuit explains, there is "no merit in [a] strained distinction between suits for benefits and those for money damages" because "[m]oney damages may . . . represent additional benefits to which participants are properly entitled under the plan." Evans v. Akers, 534 F.3d 65, 73 (1st Cir. 2008) (internal quotation marks and citations omitted). Indeed, "[t]he appropriate distinction is not between 'benefits' and 'damages,' but rather between relief to which a participant is entitled under ERISA and relief which is not authorized by that Act." Id. at 73-74. To otherwise draw a distinction between seeking to recover plan benefits and the value of plan benefits "relies purely on a matter of semantics" and must be rejected. Hamilton, No. 09-cv-11725-DPW, 2016 WL 3962813, at *12 (D. Mass. July 21, 2016).

For these reasons, the Court concludes that Verizon has provided a colorable claim that Coon-Retelle can be a "participant" under ERISA and declines to remand this case to state court solely on that basis.

**B.     Subject Matter Jurisdiction Based Upon Complete Preemption under ERISA**

Coon-Retelle makes an additional argument as to why this claim cannot be heard in federal court: Counts I and VII of her complaint that sound only in state law—Mass. Gen. L. c. 149 §§ 148, 148B—are not completely preempted by ERISA. D. 25 at 3-8.

One exception to the well-pleaded complaint rule is complete preemption. Rogers v. Rogers & Partners, Architects, Inc., No. 08-cv-11730-NG, 2009 WL 5124652, at *5 (D. Mass. July 27, 2009). "Complete preemption is a short-hand for the doctrine that in certain matters Congress so strongly intended an exclusive federal cause of action that what a plaintiff calls a state law claim is to be recharacterized as a federal claim. A federal claim, of course, falls within the district court's federal question jurisdiction, . . . so permitting removal." Fayard v. Ne. Vehicle Servs., LLC, 533 F.3d 42, 45 (1st Cir. 2008) (emphasis in original) (internal citations omitted). To establish complete preemption in the ERISA context, a defendant "must show that the state cause of action falls within the scope of ERISA § 502(a)." Danca, 185 F.3d at 5. "For this to occur, the state law must be properly characterized as an 'alternative enforcement mechanism' of ERISA § 502(a) or of the terms of an ERISA plan." Id. (citing New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 658 (1995)). The Court specifically analyzes first whether the plaintiff could have brought his claim under ERISA § 502(a)(1)(B) and second whether no other independent legal duty is implicated by the defendant's alleged actions. Davila, 542 U.S. at 210; Children's Hosp. Corp. v. Kindercare Learning Centers, Inc., 360 F. Supp. 2d 202, 205 (D. Mass. 2005). The individual's cause of action is completely pre-empted by ERISA and the court has subject matter jurisdiction only if both prongs are met. Davila, 542 U.S. at 210.

Verizon, in part, contends that complete preemption applies because the cause of action alleged requires the court to review the terms of the two ERISA plans and when an action "relates

to" an ERISA plan, ERISA preempts state law causes of actions for damages. D. 24 at 5-8; D. 27 at 13-14; D. 36 at 6. The First Circuit, however, draws a distinction between complete preemption which accords federal subject matter jurisdiction and is much narrower in application and conflict preemption which assesses whether state law claims are preempted by ERISA when the Court's subject matter jurisdiction is not in question. Danca, 185 F.3d at 4; Flagg v. Ali-Med, Inc., 728 F. Supp. 2d 1, 4-5 (D. Mass. 2010); Giannetti v. Mahoney, 218 F. Supp. 2d 8, 11–12 (D. Mass. 2002). Indeed, the First Circuit explained that complete preemption is "a concept associated with jurisdiction" whereas "the likelihood or even certainty of defendants' raising a colorable [conflict] preemption defense is no basis for federal jurisdiction." Danca, 185 F.3d at 4–5; see Hotz v. Blue Cross & Blue Shield of Mass., Inc., 292 F.3d 57, 59 (1st Cir. 2002); In re Pharm. Indus. Average Wholesale Price Litig., 309 F. Supp. 2d 165, 175 (D. Mass. 2004).[2] Because the "relates to" test asserted by Verizon assesses only the validity of the affirmative defense of conflict preemption, that test is inconsequential as to whether this Court has proper jurisdiction to hear this matter via complete preemption. Danca, 185 F.3d 4–5, 7; Giannetti, 218 F. Supp. 2d at 12. That is, where Verizon contends that removal of Coon-Retelle's wage-based state law case is appropriate because federal ERISA subject matter jurisdiction exists, the Court does not apply the "relates to" test because that examination sheds no light on this Court's jurisdiction. Rather, the "relates to" test is applied only when no question of subject matter jurisdiction exists and the Court is determining whether the affirmative defense of ERISA conflict preemption is appropriate.

---

[2] Other circuits agree that only complete ERISA preemption—and not the affirmative defense of ERISA conflict preemption—accords federal subject matter jurisdiction. See Wurtz v. Rawlings Co., LLC, 761 F.3d 232, 238 (2d Cir. 2014); Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund, 538 F.3d 594, 601 (7th Cir. 2008); Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945 (9th Cir. 2009); Hansen v. Harper Excavating, Inc., 641 F.3d 1216, 1221–22 (10th Cir. 2011).

Cases cited by Verizon that apply the "relates to" test do not dictate otherwise.  For instance, Summersgill did not address or involve a jurisdictional challenge and was centered on whether the additional, non-ERISA claims could be dismissed based upon a preemption defense. Summersgill v. E.I. Dupont de Nemours & Co., No. 13-cv-10279-DJC, 2014 WL 1032732, at *1-4 (D. Mass. Mar. 18, 2014).  The same is true of Otero Carrasquillo v. Pharmacia Corp., 466 F.3d 13, 20 (1st Cir. 2006), in which the court affirmed the grant of summary judgment on the basis that the state law claims were preempted by ERISA § 514.  To the extent that Nadworny applies the "relates to" analysis to determine its subject matter jurisdiction, this Court declines to follow that opinion in light of Danca.  See Nadworny v. Shaw's Supermarkets, Inc., 405 F. Supp. 2d 124, 129-30 (D. Mass. 2005).  Thus, in determining whether this Court has subject matter jurisdiction as a result of complete preemption, the Court applies the Davila test and evaluates whether the plaintiff could have brought any of her claims under § 502(a) and whether no other free-standing duty supports those claims.  Davila, 542 U.S. at 210; Children's Hosp. Corp., 360 F. Supp. 2d at 205.

Under the first prong of the Davila test, the Court determines whether Coon-Retelle could have brought her claims under ERISA § 502(a).  Children's Hosp. Corp., 360 F. Supp. 2d at 205–06.  Coon-Retelle's first argument as to why her claim could not be lodged as an ERISA cause of action is that she seeks the damage value of the foregone benefits and not the benefits themselves. D. 18 at 6; D. 25 at 4-5.  As explained above, the Court disagrees.  See supra.  Coon-Retelle's other assertion—that her claim is not entirely encompassed by ERISA such that her only possible cause of action is an ERISA claim, D. 25 at 5-6—stands on different ground.   In her complaint, Coon-Retelle alleges that due to Verizon's misclassification of her as an independent contractor:

> Coon-Retelle did not receive the benefits that employees of Verizon received, including but not limited to, payment of bonuses, participation in Verizon's 401K

> profit sharing plan, health insurance, dental insurance, prescription drug coverage, worker's compensation coverage, group term life insurance, short and long-term disability insurance, paid vacations and holidays, overtime compensation and unemployment compensation.

D. 1-4 ¶ 55; see id. ¶¶ 64, 69, 76. As a result, she seeks damages for the entitlements and benefits which she did not receive. Id. ¶¶ 64-66, 69-71, 76-78. Here, Coon-Retelle seeks not just damages for benefits under the Verizon ERISA plans but also other consequential damages for the alleged misclassification including payment of bonuses, paid vacations and holidays and payment of Federal, State, Social Security and Medicare taxes that were not previously provided. Id. ¶¶ 55-57. Because many of the claims she brings are the result of non-ERISA obligations by Verizon, they could not have been brought singularly under § 502(a). See Davila, 542 U.S. at 207 (explaining that "[w]hen a federal statute wholly displaces the state-law cause of action . . . the state claim can be removed") (emphasis added) (internal quotation mark and citation omitted).

Davila does not compel a different result. There, the Supreme Court concluded that the respondents' claims fell within the scope of § 502(a) because "[the] respondents complain only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans," "interpretation of the terms of respondents' benefit plans forms an essential part of their [state] claim" and "[state-based] liability would exist here only because of petitioners' administration of ERISA-regulated benefit plans." Davila, 542 U.S. at 211-214. As a result, the Supreme Court concluded that "respondents bring suit only to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA," requiring complete preemption. Id. at 214. As explained, Coon-Retelle's state-based claims do not consist "only [of] denials of coverage" such that the "benefit plans form[] an essential part" of her claim. Instead, Coon-Retelle focuses on her misclassification as an independent

13

contractor and incorporates several other, non-ERISA based remedies such as reimbursement for taxes that require no interpretation or guidance from the ERISA plans.

This case also stands apart from cases in which courts have concluded that state-based tort claims are completely preempted by ERISA. See, e.g., Danca, 185 F.3d at 5-6 (explaining that state law tort cases that encompass the processing of claims or otherwise amount to an alternative ERISA enforcement mechanism are completely preempted). This matter is unlike those cases in which the ERISA plan is crucial to determining liability and the violation of obligations related to the ERISA plan are essential to determining whether any damages are available. Here, the state court could conclude that Coon-Retelle was improperly labeled as an independent contractor and that she was owed non-ERISA based damages—bonuses, taxes, etc.—without ever having to consider or incorporate the ERISA plans as an essential part of her case. Moreover, to the extent that the state court may be directed to the ERISA plans to compute damages based upon the alleged denial of benefits stemming from her misclassification, Verizon could still invoke ERISA conflict preemption as an affirmative defense against paying ERISA-based damages. See Children's Hosp. Corp., 360 F. Supp. 2d at 207 (remanding case for lack of complete preemption after explaining that "[t]o the extent that the Chapter 93A claim substantially implicates plan interpretation or the relationship between the plan administrator and the ERISA beneficiaries, it may well trigger the conflict preemption analysis"). The prospect that the state-based claims here could result in treble damages, D. 24 at 9 n.5, can again be resolved through the use of a conflict preemption defense in state court but does not otherwise create federal subject matter jurisdiction in this case where the Davila test is not met.

This outcome is further supported by Holloway v. Gilead Scis., Inc., No. 16-cv-02320-VC, 2016 WL 3526060, at *1 (N.D. Cal. June 23, 2016) in which the court remanded a similar case to

14

state court. In Holloway, the plaintiff sued her employer for multiple legal violations including that she was misclassified as independent contractor and denied wages and other benefits as a result of that misclassification. Id. The court remanded the matter on the grounds that there was not complete preemption because "[a]t most, a portion of the damages she seeks to recover through her state law claims could be based on a calculation of the value of the ERISA benefits she'd have received" such that none of her claims were entirely encompassed by ERISA and an ERISA claim was not the only possible cause of action. Id. That court reiterated that "the possibility that a court would need to consider the ERISA plans in calculating a portion [of] her damages does not give rise to complete preemption." Id.

Indeed, simply because ERISA benefits may be implicated does not mandate complete preemption. See, e.g., Children's Hosp. Corp., 360 F. Supp. 2d at 207 (concluding that complete preemption did not apply despite determining that one of the plaintiff's claims "appear[ed] to collaterally challenge the plan's decision not to provide benefits and the claim may affect the relationship between the participants and the principal" because that issue could be resolved by use of a conflict preemption defense). This accords with the general understanding that "the scope of conflict preemption is not contiguous with the scope of complete preemption" in that "the latter is understandably much narrower." Flagg, 728 F. Supp. 2d at 5.

The Court reaches the same result when analyzing the second prong of Davila as to whether an independent legal duty exists. Under this second prong, "courts have held that a legal duty is 'independent' if it is not based on an obligation under an ERISA plan, or if it 'would exist whether or not an ERISA plan existed.'" N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J., 760 F.3d 297, 303 (3d Cir. 2014) (quoting Marin Gen. Hosp., 581 F.3d at 950); see Olchovy v. Michelin North Am., Inc., 11-cv-1733, 2011 WL 4916891-ADS-ETB, at *4 (E.D.N.Y. Sept.

30, 2011) (explaining that an ERISA dispute is in play "when, in order to determine whether the plaintiff is entitled to [any] relief, the court must look to the terms of [the] employee benefit plan"). If as alleged by Coon-Retelle, Verizon's duties to pay wages under Mass. Gen. L. c. 149, § 148 are not based upon an obligation under an ERISA plan and would still exist whether or not an ERISA plan were in effect. The Wage Act, in relevant part, provides that "[e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week." Mass. Gen. L. c. 149, § 148. If violated, the statute allows plaintiffs to recover damages for accrued vacation time, certain assured commissions, earned non-discretionary bonus pay and sick time, Roche v. Morgan Collection, Inc., 882 F. Supp. 2d 247, 253 (D. Mass. 2012), which are many of the types of relief sought by Coon-Retelle and which do not fall under any of the Verizon ERISA-based plans, D. 1-4 ¶¶ 63-66; D. 25 at 6 n.5.

Other courts have come to similar conclusions that state wage claim cases are not generally preempted by ERISA. See Massachusetts v. Morash, 490 U.S. 107, 119 (1989) (acknowledging that "[t]he States have traditionally regulated the payment of wages, including vacation pay" and holding that such payments do not fall within the scope of ERISA); Colon-Sanchez v. Pfizer Pharm. LLC, No. 12-cv-1395 JAF, 2013 WL 865522, at *4 (D.P.R. Mar. 7, 2013) (noting that "courts in this district have rejected defendant's argument that claims for underpaid wages are preempted by ERISA"); San Antonio-Trinidad v. Marriott P.R. Mgmt. Corp., 773 F. Supp. 2d 244, 247 (D.P.R. 2011) (concluding that claims of underpayment of wages did not fall within the scope of ERISA and, thus, could not be removed to federal court); Perl v. Laux/Arnold, Inc., 864 F.

Supp. 2d 731, 741-42 (N.D. Ind. 2012) (holding that claims for underpayment of wages under a state statute are "not preempted at all—much less completely preempted" by ERISA (emphasis in original)); Hatfield v. Superior Coal Servs., L.L.C., No. 15-cv-14997, 2016 WL 2643029, at *3 (W. Va. May 6, 2016) (explaining that while "ERISA's definition of the term 'benefit plan' . . . is broad, not every policy granting employees some putative benefit constitutes a 'benefit plan' for ERISA purposes" and concluding that such a state claim is "generally not preempted" because "a policy providing for ordinary vacation or holiday pay out of ordinary assets" does not constitute a "benefit plan" for ERISA purposes).

Similarly, Coon-Retelle's cause of action as to her misclassification as an independent contractor under Mass. Gen. L. c. 149, § 148B, D. 1-4 ¶¶ 102-107, also provides an independent legal duty apart from ERISA. See Somers v. Converged Access, Inc., 454 Mass. 582, 594 (2009) (explaining that an individual misclassified as an independent contractor when truly acting as an employee is entitled to all damages incurred as a result of the error "including treble damages for any lost wages and other benefits") (internal quotation marks omitted). A determination of Verizon's liability under Mass. Gen. L. c. 149, § 148B does not require an interpretation of the ERISA plan. Although "those terms would likely be relevant in measuring the amount of Plaintiffs' damages . . . that is beside the point for purposes of Davila's second prong." Gardner v. Heartland Indus. Partners, LP, 715 F.3d 609, 615 (6th Cir. 2013); see also Wurtz, 761 F.3d at 243.

For these reasons, neither prong of the Davila complete preemption test has been met, Verizon has not borne its burden as the removing party as to the existence of federal jurisdiction and this Court must remand this action to state court.

### C. Costs and Attorney's Fees

Coon-Retelle also moves for fees and costs incurred through the remand process. D. 18 at 7 n.3. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, where an objectively reasonable basis exists, fees should be denied." In re Pharm. Indus. Average Wholesale Price Litig., 457 F. Supp. 2d 65, 76 (D. Mass. 2006) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)). Given the complexity of the legal questions presented in this case--as evidenced by the Court's analysis above--the Court cannot conclude Verizon's removal was objectively unreasonable. See id.; Mass. Biologic Labs of the Univ. of Mass. v. MedImmune, LLC, 965 F. Supp. 2d 175, 177 (D. Mass. 2013). Thus, the Court declines to award costs and fees to Coon-Retelle.

## VI. Defendants' Motions to Dismiss

"Federal courts are courts of limited jurisdiction" and absent jurisdiction, "a court is powerless to act." Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 138 (1st Cir. 2004); In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007). Because the Court concludes it must remand this action for lack of federal jurisdiction, it must decline to assess the merits of Verizon, Mudge and Ellis's motions to dismiss. D. 23; D. 38.

## VII. Conclusion

For the foregoing reasons, the Court **DENIES** as moot Coon-Retelle's motion to withdraw affidavits of service, D. 21, **GRANTS** Coon-Retelle's motion to remand, D. 18, **REMANDS** this

matter to state court and, in light of remand, does not reach the motions to dismiss, D. 23; D. 38.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge